**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 24-4470**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAHMEZ TAVAUGHN JACKSON, a/k/a Spazz, a/k/a Cutthroat,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:23-cr-00112-D-RN-1)

───────────

Submitted:  May 15, 2025                                    Decided:  May 19, 2025

───────────

Before NIEMEYER and HEYTENS, Circuit Judges, and KEENAN, Senior Circuit Judge.

───────────

Affirmed in part and dismissed in part by unpublished per curiam opinion.

───────────

**ON BRIEF:**  G. Alan DuBois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jahmez Jackson pleaded guilty to possession of a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Jackson to the statutory maximum of 180 months' imprisonment after applying a cross-reference for attempted murder under U.S. Sentencing Guidelines Manual §§ 2A2.1, 2K2.1(c)(1)(A) (2021). On appeal, Jackson's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court miscalculated Jackson's advisory Sentencing Guidelines range by applying this cross-reference. Although notified of his right to so do, Jackson has not filed a pro se supplemental brief. The Government has moved to dismiss the appeal with respect to any issues that fall within the scope of the appeal waiver in Jackson's plea agreement. We affirm in part and dismiss in part.

Jackson's waiver of appellate rights does not prevent our review of the validity of the plea itself. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018). We review the adequacy of the Fed. R. Crim. P. 11 plea colloquy for plain error. *See United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016) (stating standard of review); *see also Henderson v. United States*, 568 U.S. 266, 272 (2013) (describing plain error standard). Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant understands, the rights he is relinquishing by pleading guilty, the nature of the charge to which he is pleading, and the applicable maximum and mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The district court

2

also must ensure that the plea was voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and "that there is a factual basis for the plea," Fed. R. Crim. P. 11(b)(3). Here, the magistrate judge conducted a thorough and complete Rule 11 hearing. We therefore conclude that Jackson entered his plea knowingly and voluntarily, and that a factual basis supported the plea.

With respect to Jackson's waiver of his appellate rights, "[w]e review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). An appellate waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id.* "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *McCoy*, 895 F.3d at 362 (internal quotation marks omitted).

Our review of the record confirms that Jackson knowingly and intelligently waived his right to appeal his conviction and sentence. We therefore conclude that the waiver is valid and enforceable and that the sentencing issue counsel raises in the *Anders* brief falls squarely within the scope of the waiver.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore grant the Government's motion to dismiss and dismiss the appeal with respect to all issues within the scope of the appellate

3

waiver and affirm the remainder of the judgment. This court requires that counsel inform Jackson, in writing, of the right to petition the Supreme Court of the United States for further review. If Jackson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jackson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*